1  Paul R. Lee (SBN 018464)
   Paulina Rivera (SBN 039185)
2  **KLEIN THOMAS LEE & FRESARD**
   340 East Palm Lane, Suite A310
3  Phoenix, Arizona 85004
   Tel: (602) 935-8300
4  paul.lee@kleinthomaslaw.com
   paulina.rivera@kleinthomaslaw.com
5  Attorneys for Plaintiff Toyotalift of Arizona, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Toyotalift of Arizona, Inc., an Arizona Corporation, | Case No. 2:24-CV-03556-SHD |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| Ball Corporation, an Indiana Corporation; and, Ball metal Beverage Container Corp., a Colorado Corporation, | |
| Defendants. | |

For its First Amended Complaint, Plaintiff alleges as follows:

## **PARTIES**

1. Plaintiff Toyotalift of Arizona, Inc. ("Toyotalift") is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Arizona.

2. Toyotalift is a citizen of Arizona.

3. Toyotalift is in the business of selling, renting, and repairing forklifts and hoists.

4. Ball Corporation is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Colorado.

5. Ball Metal Beverage Container Corp. ("Ball Metal") is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in Colorado.

## **JURISDICTION AND VENUE**

6. Ball Corporation is a citizen of Indiana and Colorado.

7. Ball Metal is a citizen of Colorado.

8. Ball Corporation and Ball Metal shall be collectively referred to herein as "Ball."

9. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00.

10. Ball caused acts to occur in Arizona out of which the claims described herein arose.

11. This Court has jurisdiction over this action and venue is proper before this Court because Toyotalift is an Arizona corporation and a citizen of Arizona, and Ball entered into an agreement, express or implied, with Toyotalift in Arizona, for repair work to be performed in Arizona and for the rental hoist to be used in Arizona; or, alternatively, Ball was unjustly enriched in Arizona.

## COUNT ONE – BREACH OF CONTRACT

12. Toyotalift adopts the allegations of all proceeding paragraphs.

13. Toyotalift entered into a contractual agreement with Ball, express or implied, whereby Toyotalift would (1) repair a hoist (Model E400, Serial #31490) owned by Ball that had been damaged in a thermal event caused by Ball personnel, and (2) rent to Ball a hoist that Ball could use while its damaged hoist was being repaired, with the expectation that Ball would pay Toyotalift for the repair work and hoist rental.

14. Toyotalift performed the repair work and provided a rental hoist to Ball as agreed.

15. Toyotalift sent invoices to Ball for the repair work and the hoist rental on October 13, 2023.

16. The invoice that Toyotalift sent to Ball for the repair work was for a total sum of $56,452.86.

17. The invoice that Toyotalift sent to Ball for the hoist rental was for a total sum of $83,243.16

18. Thus, the total amount owed pursuant to these invoices was $139,696.02.

19. However, Ball has failed to pay any part of this outstanding amount, and there is still due and owning the balance of $139,696.02, plus interest accruing at the statutory rate from no later than October 23, 2023, until paid in full, together with all other amounts due.

20. Ball breached their express or implied agreement with Toyotalift.

21. Toyotalift has suffered damages.

22. Toyotalift has made demand upon Ball for such sums due and owing, which sums Ball has failed and refused to pay.

23. Toyotalift provided the repair work and hoist rental to Ball under an express or implied agreement that Toyotalift would be paid therefore, with reasonable expectation of payment, and Toyotalift did not provide the repair work and hoist rental gratuitously.

24. All conditions precedent to Ball's liability have occurred.

25. This action arises in contract, either express or implied, and Toyotalift is entitled to recover its reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

## COUNT TWO – UNJUST ENRICHMENT

26. Toyotalift adopts the allegations of all preceding paragraphs.

27. In the alternative to its breach of contract claim in Count One, Toyotalift asserts claim of unjust enrichment against Ball.

28. Toyotalift provided the repair work and hoist rental as good and valuable consideration for Ball's promises to pay for such repair work and hoist rental.

29. Ball has failed and refused to pay Toyotalift and Ball has therefore been enriched at the expense of Toyotalift.

30. Under the circumstances, it would be unjust to permit Ball to retain the benefits received without payment for those benefits.

31. As a direct and proximate result of Ball's unjust enrichment, Toyotalift has suffered damages, as set forth above, in the amount of $139,696.02, plus interest accruing at the statutory rate from no later than October 23, 2023, until paid in full, together with all other amounts due.

32. At the time Toyotalift provided the repair work and hoist rental to Ball, Toyotalift expected that Ball would compensate Toyotalift for the value of the repair work and hoist rental, which was $139,696.02.

33. Toyotalift demanded that Ball pay the amounts due, but Ball has failed and refused to pay.

34. As a direct and proximate result of Ball's refusal to pay, Toyotalift has suffered

3

damages as set forth herein.

## COUNT THREE – PROMISSORY ESTOPPEL

35. Toyotalift adopts the allegations of all preceding paragraphs.

36. Ball expressly promised Toyotalift that if Toyotalift would provide the repair work and hoist rental, Ball would pay according to the payment terms.

37. Ball's promises were clear, definite, and unequivocal, and were specifically made to induce Toyotalift to provide the repair work and hoist rental for Ball's benefit.

38. In reasonable reliance on Ball's promises, and to its substantial detriment, Toyotalift provided the repair work and hoist rental to Ball.

39. At the time of making the promises and inducing Toyotalift to provide the repair work and hoist rental to Ball, Ball could reasonably foresee that failure to pay for the repair work and hoist rental would cause damages to Toyotalift.

40. Ball breached those promises.

41. As a direct and proximate result of Ball's breach of promises, Toyotalift has suffered damages as set forth above, in the amount of $139,696.02, plus interest accruing at the statutory rate from no later than October 23, 2023, until paid in full, together with all other amounts due.

42. Under the circumstances, Ball's promises to pay for the repair work and hoist rental must be enforced to prevent injustice.

WHEREFORE, Toyotalift respectfully requests this Court to enter judgment in its favor and against Ball as follows:

    A. Damages in the amount of not less than the balance of $139,696.02, together with interest accruing at the statutory rate from the first date incurred until paid in full, together with all other amounts due;

    B. Pre-judgment interest from the date incurred to the date of judgment at the legal rate plus post judgment interest;

    C. Post-judgment interest at the legal rate as permitted by law;

    D. Costs and reasonable attorneys' fees and for post-judgment costs and attorneys' fees in the event that judgment collection is necessary; and

E.  Such other further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 25th day of March, 2025.

                                           KLEIN THOMAS LEE & FRESARD

                                           By: */s/ Paulina Rivera*
                                                 Paulina Rivera
                                                 Paul R. Lee
                                                 *Attorneys for Toyotalift of Arizona, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2025, I served the foregoing **FIRST AMENDED COMPLAINT** upon the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Craig M. Waugh
Adrianna G. Gorton
Diane Linn
GREENBERG TRAURIG, LLP
2375 East Camelback Road
Phoenix, Arizona 85016
craig.waugh@gtlaw.com
gortona@gtlaw.com
diane.linn@gtlaw.com
*Attorneys for Defendants Ball Corporation
and Ball Metal Beverage Container Corporation*

/s/ Erica Ramirez